UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SA&H ALABAMA HOLDINGS, LLC, and SOUTHERN HVAC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL SCOTT SHOEMAKER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 5:23-cv-1519-LCB<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SETTLMENT CONFERENCE

Defendant Michael Shoemaker replies in support of his Motion for Settlement Conference and states as follows:

1. Plaintiff Southern HVAC's response to a non-contentious motion reinforces the need for a settlement conference.

2. Based on Southern HVAC's contentious response, the parties are clearly not able to have productive settlement discussions without some neutral guidance.

3. While Shoemaker wishes to avoid inflaming the situation, he must, unfortunately, correct some of Southern HVAC's assertions.

1

4. First, Southern HVAC misrepresents Shoemaker's motion. Shoemaker has not requested a conference to pursue a "global resolution" as Southern HVAC states. Doc. 34 at ¶ 1.

5. Rather, Shoemaker plainly told the Court that the parties were discussing "a potential agreed-upon **preliminary** injunction" and that a settlement conference would be "the most efficient way to determine whether or not an **interim resolution** of the requested injunctive relief is possible." Doc. 29 at ¶¶ 2, 4 (emphasis added).

6. To put it plainly, a *preliminary* injunction and an *interim* resolution would not be a global resolution. It would be a *preliminary* and *interim* resolution that would resolve Southern HVAC's "requested injunctive relief." Doc. 29 at ¶ 4.

7. Second, Southern HVAC misleadingly says, "Plaintiffs' counsel requested that Defendant's counsel provide any proposed edits. To date, Defendant has not provided any proposed edits to these draft documents."

8. This artfully-crafted statement overlooks an exchange of offers between the parties. Both by email and telephone, Shoemaker has proposed terms for an agreed-upon preliminary injunction.

9. Following the preliminary injunction hearing on December 12—and at the Court's suggestion—counsel for Shoemaker proposed a specific, reasonable proposal for settlement that was in direct response to Southern HVAC's correspondence of December 5.

10. Southern HVAC's attempt to imply that Shoemaker has not having responded to settlement responses is simply false.

11. Ultimately, these two filings show the need a settlement conference.

12. The parties are not able to communicate effectively—as shown by Southern HVAC's disproportionate response to Shoemaker's motion.

13. A conference with the Court will facilitate discussions of an *interim* resolution through mediation, rather than confrontation. Shoemaker believes that with neutral guidance, there is a good chance of the parties agreeing to terms on the entry of a consent preliminary injunction.

Dated: December 19, 2023.

*/s/  Sam David Knight*
Sam David Knight  (ASB-1745-N62S)
Christopher B. Driver (ASB-9178-G39B)
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
sdknight@badhambuck.com
cdriver@badhambuck.com

*Counsel for Defendant,*
*Michael Scott Shoemaker*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following via the CM/ECF E-filing System and/or electronic mail on the 19th day of December, 2023:

John W. Clark IV
Clark Law Firm
300 Office Park Drive Suite 175
Birmingham, AL  35223

Robert O. Sheridan, Esq.
Matthew T. Brown, Esq.
One Financial Center, Suite 3500
Boston, MA  02111

*Counsel for Plaintiffs*
*SA&H Alabama Holdings, LLC and*
*Southern HVAC Corporation*

    */s/ Sam David Knight*
    OF COUNSEL